IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-03299-CMA-BNB

NANCY CHAVEZ,
MARGARITA HERRERA, and
ANA MARIA PEINADO-NOVOA
on behalf of themselves and all
others similarly situated,

      Plaintiffs,

v.

EXCEL SERVICES SOUTHEAST, INC.,
EXCEL SERVICES NETWORK, INC., and
JAMES DAVID SAXTON,

      Defendants.
_____

**ORDER**
_____

      The parties appeared today for a scheduling conference.

      This is a putative collective action under the Fair Labor Standards Act. The plaintiffs filed a Motion for Conditional Certification as a Collective Action [Doc. # 11], which is opposed and is pending. I am informed that the universe of potential opt-in plaintiffs is 60 to 80 individuals.

      The law applicable to the conditional certification of a collective action is summarized in Baldozier v. American Family Mutual Ins. Co., 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005):

> Collective actions under the FLSA are expressly authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are "similarly situated." The Tenth Circuit has approved a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of § 216(b). First, the court makes an initial "notice stage" determination of whether plaintiffs are "similarly

> situated," which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." The standard for certification at this stage is a lenient one. At the conclusion of discovery, the Court makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment settings of the individual plaintiffs."

(Internal citations omitted.)

The case schedule and discovery limitations which I will establish in the scheduling order may vary substantially depending on whether this continues as an individual action or is conditionally certified as a collective action. Consequently, judicial economy dictates that I postpone the entry of a scheduling order to allow a reasonable time for the determination of the motion for conditional certification.

IT IS ORDERED:

(1) The scheduling conference set for this afternoon is VACATED and RESET to **May 8, 2014, at 9:00 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall prepare a proposed scheduling order and submit it to the court on or before May 5, 2014; and

(2) The plaintiffs shall file a status report within ten days of any order resolving the motion for conditional certification, if it occurs prior to May 8, 2014, notifying me of the order and requesting that a scheduling conference be set.

Dated February 21, 2014.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge