IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. :   13-cv-03299-CMA-BNB

NANCY CHAVEZ,
MARGARITA HERRERA, and
ANA MARIA PEINADO-NOVOA
on behalf of themselves and all
others similarly situated,

    Plaintiff,

v.

EXCEL SERVICES SOUTHEAST, INC.,
EXCEL SERVICES NETWORK, INC., and
JAMES DAVID SAXTON,

    Defendants.

---

## CONFIDENTIALITY AND PROTECTIVE ORDER

---

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.  Confidential Information**

"Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, disclosure, response to request for production, or otherwise.

**2.  Qualified Persons**

"Qualified Persons" means:

    a.    the named party, if a natural person;

1

b. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

c. retained counsel for the parties in this litigation and their respective staff;

d. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

e. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

f. fact witnesses providing testimony by deposition or at any proceeding in this case, provided that such persons may see and use the Confidential Information but not retain a copy;

g. litigation vendors, court reporters, and other litigation support personnel;

h. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential; and

i. such other person as this court may designate after notice and an opportunity to be heard.

**3. Designation Criteria**

a. *Non-Confidential Information.* Confidential Information shall not include information that either:

    i. is in the public domain at the time of disclosure;

    ii. becomes part of the public domain through no fault of the recipient;

    iii. the receiving party can show was in its rightful and lawful possession prior to the time of disclosure; or

    iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Confidential Information.* A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public shall not be designated as Confidential. Confidential Information is intended to used judiciously and only to protect information such as trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, information that is protected by law, or other sensitive information that, if not restricted as set forth in this order, would create a substantial risk to the producing or disclosing party of financial injury or legal liability to third parties.

Materials designated "Confidential Information" shall not be redacted. If a party in good faith believes that redaction is necessary, that party may redact the item but shall produce it without a Confidential Information designation.

Any Confidential designation may be challenged as discussed in paragraph 9, *infra*.

**4. Use of Confidential Information**

All Confidential Information provided by any party in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5. Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Any materials a party wishes to designate as Confidential must be so marked at the time of inspection or production. Documents that are not designated at such time may be later designated, as set out in paragraph 7.

### 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential Information for a period of 30 days after initial receipt of the transcript.

### 7. Unintentional Disclosures

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

### 8. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information at trial, deposition, or at any proceeding in this case, irrespective of which party produced such information.

### 9. Challenging the Designation

A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

### 10. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any

Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(e)) shall be either returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

**11. Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**12. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**13. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this 15th day of April, 2014.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE