IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-03299-CMA-BNB

NANCY CHAVEZ,
MARGARITA HERRERA, and
ANA MARIA PEINADO-NOVOA, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

EXCEL SERVICES SOUTHEAST, INC.,
EXCEL SERVICES NETWORK, INC., and
JAMES DAVID SAXTON,

    Defendants.

---

## ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION

---

In this motion, Plaintiffs Nancy Chavez, Margarita Herrera, and Ana Maria Peinado-Novoa ask this Court to: (1) certify this case as a Fair Labor Standards Act (FLSA) collective action pursuant to 29 U.S.C. § 216(b); (2) approve notice of this action for distribution to the conditionally certified opt-in class; (3) order distribution of the Court's approved notice; and (4) order the production of names and addresses of members of the conditionally-certified opt-in class.  This Court grants the motion to certify and directs the parties to confer and agree on both the content for the notice and the details of its distribution.

Plaintiffs are former employees of Defendants Excel Services Southeast and Excel Services Network. Both companies provide residential and commercial cleaning services. They allege Defendants violated federal and state hourly wage laws by paying them according to a flat-percentage compensation formula, which generally provided them—at most—with around a quarter of the gross revenue received from a home the worker cleaned. In brief, Plaintiffs allege that this formula did not accurately record their wages and failed to take into account minimum and overtime wage rates as calculated under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Colorado Minimum Wages of Workers Act, Colo. Rev. Stat. § 8-6-101, *et seq.*

Plaintiffs have filed the instant case as a collective action on behalf of themselves and all others similarly situated, pursuant to under 29 U.S.C. § 216(b). They have defined their proposed class as:

> All current and former cleaners employed by Defendants between December 6, 2010 and December 6, 2013 who were paid a flat percentage of gross revenue and/or were not paid for time spent traveling between work sites during the work day.

(Doc. # 1, ¶ 88.)

Under § 216(b), the two requirements for FLSA collective actions are that every Plaintiff must: (1) be "similarly situated" and (2) give written consent to take part in the suit. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001). Although FLSA does not define "similarly situated," "[g]enerally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were

together the victims of a single decision, policy or plan." *Underwood v. NMC Mortgage Corp.*, 245 F.R.D. 720, 723 (D. Kan. 2007).

At this early stage of the litigation, if Plaintiffs seek to proceed as a collective action:

> a court typically makes an initial notice stage determination of whether plaintiffs are "similarly situated."  In doing so, a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.  At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of similarly situated.

*Thiessen*, 267 F.3d at 1102-03 (internal references and quotation marks omitted; alterations incorporated).  Further, Plaintiffs must surpass a "low threshold" to demonstrate that they are similarly situated at the initial notice stage determination outlined in *Thiessen*.  *Underwood*, 245 F.R.D. at 723.

Plaintiffs allege that they are able to provide "substantial allegations" that the putative class members were together victims of a single policy—namely, the same flat-percentage compensation formula.  They detail roughly the same violations alleged in the amended complaint in the form of affidavits submitted to this Court.  (Doc. # 11-2, 11-3, 11-4); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (noting that submitting affidavits is appropriate for the initial notice stage for a FLSA collective action).

This Court finds that the allegations of the complaint and affidavits satisfy the "low threshold" for establishing substantial similarity at the initial notice stage of the proceedings.  Plaintiffs' declarations all allege (and Defendants do not dispute) that

the percentage-rate policy was uniformly applied across the two companies, that Plaintiffs saw pay stubs from other employees that showed the same payment structure, and that this policy applied regardless of where Plaintiffs worked in the Denver metro area.  While there might be questions about whether the flat-rate policy always led to violations of FLSA, Plaintiffs' allegations that the formula yielded violations is sufficient for purposes of this early stage of the litigation.  *Accord Hobbs v. Tandem Envtl. Solutions, Inc.*, No. 10-1204-KHV, 2011 WL 484194 (D. Kan. Feb. 7, 2011).[1]

Finally, the parties raise some disputes as to the content and method of distribution of the notice.  The Court summarizes the significant disputes as follows:

(1) Whether the notice should more prominently state that Defendants deny Plaintiffs' claims.

(2) Whether the notice should include discovery participation language used in cases such as *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930 (N.D. Ill. 2008).

---

[1] Defendants argue that Plaintiffs are not substantially similar because it is uncertain whether Plaintiffs or others similarly situated in fact were not paid the minimum wage or overtime for every relevant pay period.  They further fault Plaintiffs for not alleging specific instances in which the percentage rate system caused a violation of the minimum wage laws.  These arguments are of no matter at this stage of the litigation, when Plaintiffs do not have access to the employment records (currently in Defendants' possession) that would allow for such specificity in the pleading and would present a clearer understanding of when the relevant formula did and did not violate FLSA.  *Accord Acho v. Cort*, No. C 09-00157 MHP, 2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009) ("An employer is obligated to maintain employment records.  It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records. Plaintiff has indicated the time period during which he worked for defendant.").  Defendants can bring any fact-contingent arguments about whether the flat-percentage scheme did not violate FLSA if they move to decertify.

(3)     Whether the anti-retaliation provision in the notice should be modified to reflect that Defendants have no intention of retaliating.

(4)     Whether the opt-in period after receiving the notice should be thirty days instead of forty-five.

(5)     Whether the notice should be distributed with employee pay stubs **and** via a mailing.

(6)     Whether the notice should inform potential Plaintiffs that they may be subject to attorneys' fees and costs.

The Court will not become involved in the minutiae of drafting the notice and overseeing every aspect of its distribution. Nevertheless, based on briefing from the parties, it seems that they are already in substantial agreement on items (1)-(3): the parties should finalize these items in line with the representations they made in briefing this motion. They should use the draft notice provided by Plaintiffs as a template from which to make modifications. *See* (Doc. # 11-1.)

Further, as to (4), the Court approves the longer opt-in period of forty-five days.[2] As to (5), the Court will not require distribution of the notice through employee paystubs **and** a mailing, given that such an endeavor seems largely duplicative: the parties should agree on the most efficient form of distribution and elect that option.[3] Finally,

---

[2] Plaintiffs only ask for forty-five days, though an even longer period might have been warranted. *See Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 632 (D. Colo. 2002).

[3] Plaintiffs cite only one case in which notice of a collective action was effectuated through employee pay envelopes. *See Carrillo v. Schneider Logistics, Inc.*, No. CV-11-8557 CAS DTBX, 2012 WL 556309, at *13 (C.D. Cal. Jan. 31, 2012), *aff'd*, 501 F. App'x 713 (9th Cir. 2012) (noting that distribution through employee pay envelopes was appropriate "in light of the potential for *efficiently and effectively* reaching similarly situated workers"). If Plaintiffs

5

the Court agrees with Plaintiffs on (6) that adding language about potential Plaintiffs being subject to possible attorney fees "might discourage plaintiffs from joining the litigation" and therefore should not be included. *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010). Finally, Plaintiffs' request that Defendants produce the names and addresses of members of the conditionally-certified opt-in class can be effectuated through the normal discovery process.

Having resolved what appear to be all the significant disputes between the parties about content and distribution of the notice, the Court directs that the parties work out the remaining details without further burdening this Court and in line with the principles articulated above.

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion to Certify (Doc. # 11) is GRANTED. FURTHER ORDERED that the parties are directed to reach agreement on the content of the notice **by no later than October 3, 2014,** and proceed to distribute the notice **no later than October 20, 2014**.

DATED: September 18, 2014

                                                                                         BY THE COURT:

                                                                                        _____
                                                                                        CHRISTINE M. ARGUELLO
                                                                                       United States District Judge

---

can establish that this is the most efficient way to reach relevant class members, the Court is inclined to authorize such distribution.